## PROSECUTION FOR SELLING MILK BELOW STANDARD.

Circuit Court of Cuyahoga County.

PHILLIP UNKRICH v. STATE OF OHIO.

Decided, December 14, 1908.

It is sufficient to sustain a conviction in a prosecution for violation of
the statutes regulating the sale of milk, if the state prove that the
milk sold contained less than the required amount of fats or
solids, without showing any adulteration of it, or addition to it
of water or other substance, or that the cows from which the
milk came were diseased or sick.

*C. L. Selzer, Klein & Harris* and *Willis Vickery*, for plaintiff
in error.

*Dan C. Cull*, contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Phillip Unkrich was convicted in the police court of violating
those sections of the pure food laws which regulate the sale of
milk.   The state proved that the milk Unkrich had in his pos-

session, with intent to sell, contained two and seven-tenths per cent. fats and eleven and fifty-eight one-hundredths solids. It is said by counsel for plaintiff in error that the state should have proved more than this, to-wit: either that the milk was adulterated, or that water or some other foreign substance had been added to it, or that it was from diseased or sick cows. It is further claimed that milk comes from certain healthy cows, particularly at certain seasons of the year, containing less fats and solids than the standard prescribed by law, and that to forbid the sale of such milk would be unconstitutional. Both of these claims, we think, are untenable.

The law provides:

"4200-4. Whoever, by himself or his servant, or agent, or as servant or agent of any other person, sells, or exchanges or delivers or has in his custody or possession with intent to sell or exchange, or exposes or offers for sale or exchange, adulterated milk or milk to which water has been added, or any foreign substance, or milk from diseased or sick cows, shall, for a first offense, be punished," etc.

"4200-12. In all prosecutions under this chapter, if the milk is shown upon analysis to contain more than eighty-eight per cent. of watery fluid, or to contain less than twelve per cent. of solids or to contain less than three per cent. of fats, it shall be deemed for the purpose of this chapter to be adulterated."

1. In the case of *State* v. *Capital City Dairy Co.*, 62 O. S., 350, it was held:

"The police power of the state is properly exercised in the prevention of deception in the sale of dairy products, and in the protection of the health of the people, and it is within the scope of this power to regulate the manufacture and sale of articles of food, even though the right to manufacture and sell such articles is a natural right guaranteed by the Constitution."

So, we see, the law under consideration is designed not only as a protection against fraud, but also as a protection of the health of the people.

For the protection of the public health, evidently, it is declared that milk from diseased or sick cows shall not be sold. Manifestly it may be detrimental to the public health, particu-

larly the health of infants, that thin or watery milk should not be sold, even if it is the cow's fault alone, that the milk is not up to a certain standard.

2. In the case of *State* v. *Smith*, 69 O. S., 196, the first paragraph of the syllabus reads:

"The sale of milk containing ten and sixty-one hundreths per cent. of solids, and no more, is punishable under the act of April 10, 1889, to regulate the sale of milk, and the affidavit need not allege that milk is an article of human food."

Applying the reasoning of that case to the claims here made, we may go further and say that the affidavit need not allege more than the mere fact that the milk did not contain the required amount of fats or solids.

We think that this was intended to be stated on page 200 of the opinion in the case where Judge Shauck says:

"Counsel for the defendant do not demonstrate, nor does it appear to be demonstrable, that the act charged, to-wit: selling milk which contained ten and sixty-one hundredths per cent. of solids, and no more, is not a violation of the statute."

Judgment affirmed.